UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMOND MAURICE MIMMS, | 1: 08 CV 0532 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| GEORGE GALAZA, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On February 11, 1999, Petitioner was convicted of battery by a prisoner and sentenced to serve a term of eight years. On June 14, 2004, Petitioner was convicted of gassing and assessed an additional two-year term, consecutive to his eight-year term. Petitioner's full ten-year term expires

1  on February 10, 2009. In 2007, Prisoner officials reviewed Petitioner's good-credit earningS and
2  losses to calculate his earliest possible release date. They found that although Petitioner was eligible
3  to earn up to 729 days of credit for good behavior, he failed to earn 604 of those days. In addition,
4  Petitioner forfeited 3540 days of credit for bad behavior. Because Petitioner's credit loss
5  overwhelmed his earned credit, his earliest possible release date remained set at his maximum
6  release date, February 10, 2009.

7  Petitioner disputed his release date in a petition for writ of habeas corpus filed with the
8  California Court of Appeal on September 25, 2007, alleging that "the prison illegally alter [sic]
9  maximum release date to an earliest possible release date, thereby revoking petitioner [sic]
10 maximum term of imprisonment." The court denied this petition without comment on October 4,
11 2007.

12 Petitioner next filed a petition with the California Supreme Court on October 17, 2007.,
13 raising the same claim. The court denied the petition with a citation to In re Dexter, 25 Cal.3d 921
14 (1979), which indicates a dismissal for failure to exhaust administrative remedies.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of Corcoran State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

*grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

(1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground s of failure to exhaust state judicial remedies and failure to state grounds for federal habeas relief.  Petitioner opposes the motion.  Because the court finds it must dismiss the petition on the second ground, it finds it unnecessary to address the first.

<u>Procedural Basis for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

<u>Failure to State Claim for Relief</u>

The entirety of Petitioner's claim is as follows:

Prison alter maximum release date of maximum term of imprisonment

On 7/2007 petitioner was sentence [sic] two (2) years for battery by prisoner in Hanford Superior Court.  The term runs consecutive to the prison term expired 2/10/07.  However the prison alter the maximum release date of 2/10/07 to an earliest possible release date thereby altering the maximum term of imprisonment.

Notice pleading is insufficient in a habeas corpus petition: rather the petition must include facts which if proven entitle the petition to habeas relief.  O'Bremski v. Maas, 915 F.2d 418, 420 (9th Cir. 1990).  If a petition fails to allege sufficient facts to state a claim for habeas corpus relief, dismissal is proper

pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Id.  In this case, Petitioner does not does not assert any legal basis for his claim and does not specify what constitutional violation has allegedly occurred.   While Petitioner mentions a "liberty interest" in his opposition to the motion to dismiss, he does not dispute the procedural history of his case, and provides no possible basis for a due process claim.  The court must therefore conclude that Petitioner has failed to state a claim that he is in custody is in violation of the Constitution or laws or treaties of the United States, and therefore has failed to state a claim for habeas corpus pursuant to 28 U.S.C. § 2254(a).

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;

2) that this petition for writ of habeas corpus be DISMISSED for failure to state a claim; and

3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   January 12, 2009**             /s/  William M. Wunderlich
                                     UNITED STATES MAGISTRATE JUDGE