UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEMOND MAURICE MIMMS,** | 1: 08 CV 0532 AWI WMW HC |
| **Petitioner,** | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **GEORGE GALAZA, WARDEN,** | [Doc. 10, 13] |
| **Respondent.** / | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On January 12, 2009, the Magistrate Judge filed findings and recommendations herein. These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on January 20, 2009.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983). Having carefully reviewed the entire file, the court finds the findings and recommendations

to be supported by the record and by proper analysis. The court cannot hear a federal petition for writ of habeas corpus unless the highest state court was given a full and fair opportunity to hear a claim. 28 U.S.C. § 2254(a) The "fair presentation" requirement is not satisfied if the state's highest court does not reach the merits of a claim due to the procedural context in which it was presented. Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). If the petitioner fails to exhaust, but may be able to exhaust in the future, the petition should be dismissed, not procedurally barred. Castille v. Peoples, 489 U.S. 346, 351 (1989) Where a petitioner fails to properly exhaust his claim in state court and the claim "can no longer be raised because of a failure to follow the prescribed procedure for presenting such an issue, however, the claim is procedurally barred and the petition must be denied." Johnson v. Lewis, 929 F.2d 460, 463 (9th Cir.1991)

In this case, the California Supreme Court denied Petitioner's state petition with a cite to In Re Dexter, which holds that "a litigant will not be afforded judicial relief unless he has exhausted available prison administrative remedies. Petitioner failed to exhaust his administrative remedies before seeking collateral review in the state courts. Presenting the state habeas petition to the California Supreme Court under such circumstances essentially foreclosed any consideration of the merits of the petition. Thus, it was not "fairly presented" and, therefore, is barred from federal habeas review. Castille, 489 U.S. at 351; Roettgen, 33 F.3d at 38.

Based on the foregoing, it is HEREBY ORDERED that:

1) The Findings and Recommendations entered January 12, 2009, are ADOPTED IN FULL;
2) Respondent's motion to dismiss is GRANTED;
2) This petition for writ of habeas corpus is DENIED; and
3) The Clerk of the Court be directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   March 11, 2009                   /s/ Anthony W. Ishii
                                          CHIEF UNITED STATES DISTRICT JUDGE